# AMENDED 6/5/06
# United States District Court
## for the
## Northern District of New York
## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Tyree L. Allen  Case Number: 5:03CR00420-001

Name of Sentencing Judicial Officer:  Honorable Frederick J. Scullin, Jr., Senior U.S. District Judge

Date of Original Sentence:  11/10/04

Original Offense:  Possession with Intent to Distribute and Distribution of Cocaine Base
21 U.S.C. §841(a)(1)

Original Sentence:  22 months imprisonment and 6 years supervised release

Type of Supervision:  Supervised Release  Date Supervision Commenced:  May 6, 2005

Asst. U.S. Attorney:  Ransom P. Reynolds  Defense Attorney:  Lisa Peebles

## PETITIONING THE COURT

[ ]  To issue a warrant
[ ]  To issue a summons: Hearing scheduled for June 6, 2006

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | New Criminal Conduct: Allen was arrested on March 11, 2006, and charged with Harassment 2nd, a violation. This arrest stemmed from an alleged domestic violence interchange between the defendant and his paramour. This information is based on reports from the Syracuse City Police Department. (Grade C violation) |
| 2. | Standard Condition #7: Defendant shall not use, possess, distribute or administer any controlled substances: On November 22, 2005, Allen submitted to a urinalysis which was positive for cocaine. This information is based on a lab report. (Grade C violation) |

3.         <u>Modification 3/29/06: The defendant shall serve 4 months at a Community Corrections Center and abide by the rules of the Center.</u>
On May 10, 2006, Allen was ticketed for sound reproduction (a violation of the noise ordinance) by Syracuse City Police. In receiving this ticket, the defendant violated the Syracuse Pavilion prohibition from committing an act against federal, state or local laws.

On May 23, 2006, the defendant signed out to report to work at 0518 hours and he returned to the Syracuse Pavilion at 1723 hours. Allen's only legitimate destination on this date was his employment site. On May 30, 2006, it was confirmed through the defendant's employer that on May 23, 2006, Allen worked between the hours of approximately 1300 to 1430 hours. The defendant was unaccountable for numerous hours and has been charged with having an un-excused absence from work.

On May 29, 2006, Allen was signed out of the Syracuse Pavilion at 1604 to get a haircut at the Blues brothers Barbershop located on Salina Street, Syracuse, N.Y. At approximately 1640 hours, Syracuse Pavilion staff members conducted a site visit, and Allen was not present. When the defendant returned to the Syracuse Pavilion at 1739, he failed to present proof (receipt for payment ) of his visit to the barbershop. The defendant was charged with violating a Syracuse Pavilion rule by not being where he was released to and with providing a false statement to the staff member on his whereabouts.

On May 29, 2006, the defendant was charged with threatening another with bodily harm in that a Syracuse Pavilion monitor heard Allen state "if they come to get me I am going to spit in the staffs' face." This information is based on reports from the Syracuse Pavilion. (Grade C violation)

4.         *AMENDED 6/5/06 <u>Modification 3/29/06: The defendant shall serve 4 months at a Community Corrections Center and abide by the rules of the Center.</u>

On June 1, 2006, the defendant was charged with Possession of anything not authorized for retention or receipt by the inmate and not issued to him through regular channels and Violating a condition of the community correction program. A Syracuse Pavilion staff member was at a local gas station when she witnessed Allen drive a motor vehicle to the gas pump and exit the car from the driver's side. The defendant was prohibited from operating a motor vehicle between May 22, 2006 and June 4, 2006 as a sanction for the ticket he received on May 10, 2006 for sound reproduction.

On June 5, 2006, the defendant was charged with Violating a condition of the community correction program and Lying or providing a false statement to a staff member. It is alleged on June 5, 2006 at 0515, Allen approached a monitor at the Syracuse Pavilion and said he needed to leave for work immediately. The defendant was not scheduled to leave for work until 0615, but the monitor took Allen's word and allowed him to leave the facility. Later, contact was made with the defendant's employer who explained Allen was not

Prob 12C                                -3-                    Petition for Warrant or Summons
                                                                for Offender Under Supervision

Name of Offender: Tyree L. Allen                       Case Number: 5:03CR00420-001

scheduled to begin work until 0700. Allen told the monitor that he had to be at work at 0600. This information is based on reports from the Syracuse Pavilion. (Grade C violation)

U.S. Probation Officer Recommendation:
    The term of supervision should be:
        [X]    Revoked
        [ ]    Extended for year(s), for a total term of years.
[ ]    The conditions of supervision should be modified as follows:

Respectfully submitted,

PAUL W. DeFELICE
Chief U.S. Probation Officer

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: June 5, 2006
by: *[signature]*
MARK A. WALKER
Senior U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Summons: Hearing scheduled for 6/6/06
[ ]    Other
[ ]    The Issuance of a Warrant. This petition and all documents attached hereto are **SEALED** until such time as the warrant generated by this petition is returned executed.

The District Court Clerk's Office is hereby **ORDERED NOT** to serve a copy of this petition or any of the attached documents upon anyone EXCEPT that a copy is to be served upon law enforcement personnel. Copies shall be served upon the unsealing of the petition.

_____
Signature of Judicial Officer

_____
Date